## CLEMMENTS v. GERMAN INS. CO.

### (Circuit Court, W. D. Missouri. November, 1906.)

INSURANCE—CONDITIONS AVOIDING POLICY—WAIVER.

> An insurance company cannot be deemed to have waived a condition in a policy of fire insurance making it void in case there was other insurance on the property, unless otherwise provided by agreement indorsed thereon or attached thereto, because of notice of concurrent insurance given to the agent who issued the policy, who had no authority under its terms to waive such condition, where such information was not communicated by him to the company; nor does the fact that he reported to the company certain of the policies on the property then in force, to which no objection was made, affect the right of the company to insist upon the condition in respect to another policy for a substantial amount, which was not so reported.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, §§ 968, 969, 991.

> Waiver of condition against other insurance, see note to United Firemen's Ins. Co. v. Thomas, 27 C. C. A. 46.]

In Equity.

James T. Burney, for complainant.
Fyke & Snider, for defendant.

CARLAND, District Judge. The above cause has been submitted to the court upon the pleadings and proof. A careful reading of the testimony and a consideration of the argument of counsel have not changed the views of the court, which were intimated at the close of the oral argument.

Under the decision of the United States Supreme Court in the case of Northern Assur. Co. v. Grand View Building Co., 183 U. S.

362, 22 Sup. Ct. 133, 46 L. Ed. 213, no recovery could have been had upon the policy which the complainant seeks to have reformed, if all the insurance that was on the property described in the policy, on February 14, 1903, had been correctly reported to the agent of the company who issued the policy, providing the information in regard to the other insurance had not been communicated to the company itself. In this case, however, it appears that the agent who issued the policy transmitted to the head officer of the company in his daily report a list of other insurance policies that were upon the property. The insurance company failed to make any objection to the other insurance, and allowed the policy to stand. So that the court has no hesitation in finding that, as to the policies which were actually reported to the company by the agent, there was an agreement between the company and the insured that the policy in question should stand as valid, notwithstanding the other policies upon the property; and the complainant has a clear right to have the policy reformed so as to contain a provision that the policies mentioned in the daily report should be excepted from the operation of that provision of the policy which rendered the policy void by reason of the taking of other insurance.

It appears that there was insurance to the extent of about $4,000 upon the property at the time the policy in question was issued, which was not reported by the agent to the company in his daily report. As to this insurance, the court cannot find that there was any contract between the company and the insured that the policy issued should be valid notwithstanding that insurance. An additional insurance of $4,000 was a very material matter for the insurance company to know, in view of the fact that there was a large insurance upon the property outside of the policy about to be issued. And as, under the terms of the policy, the agent had no power to waive any condition therein, and no condition could be waived without an indorsement in writing upon the policy itself, the court cannot find that the insurance company agreed that the policy in question should be valid, notwithstanding any amount of insurance that might be upon the property at the time of its issuance. This would not be giving the officers of the company credit for ordinary business sense, and would be in contradiction of the facts in the case. If we concede that Bolster did present to the agent of the company a full list of all insurance, still the agent could not bind the company, except by performing his duties according to the provisions of the policy; and, as he did not report to the company all of the insurance, it cannot be said that the insurance company made any contract with the insured that the policy issued should be valid, regardless of the amount of insurance then on the property.

In regard to the name of the insured, there seems to be no real contest over that proposition; it being immaterial to the insurance company whether its liability is to F. E. Clemments & Co. or to F. E. Clemments.

A decree may be entered in conformity to the views herein expressed.